UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:17-cv-81306-BB-BER

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

v.

VISITWPB.COM, INC.,

    Defendant.

## DECLARATION OF ROBERT STEVENS

I, Robert Stevens state the following:

1. I am over the age of 18 and otherwise competent to testify. I make the following statements based on personal knowledge.

2. I reside in West Palm Beach, Florida. I am an experienced professional photographer and make a living from photography. Through AAP, I provide high-end real estate photography services to real estate brokers and agents in South Florida.

3. I am AAP's principal photographer and its founder. My work is sought after by real estate professionals throughout South Florida. For the past eight years, I have photographed some of the most expensive real estate listings in U.S. history, including Donald Trump's mega-mansion in Palm Beach listed for $125 million. From Palm Beach to California, the Bahamas and New York, I have been contracted to photograph the estates of Madonna, Celine Dion, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Bill Gates, Tommy Lee Jones, Bryant Gumble and Chris Evert.

4. The techniques that I use are difficult to execute effectively. My photos are made using special aerial photography capture techniques that employ drones or other technology to capture photographs from angles that would not otherwise be possible.

5. I created a photograph of The Prado in West Palm Beach, Florida titled "AerialLowPrado_c.Jan 12, 2015," which is shown below and referred to herein as the "Work".



6. I registered the Work with the Register of Copyrights on January 13, 2015 and was assigned the registration number VA 1-945-697. The certificate of Registration is attached hereto as Exhibit 1.

7. AAP own all rights, title, and interest, including copyrights, in and to the Work by nature of both written assignment by me to AAP and by nature of the fact that the Work was a work for hire taken on behalf of AAP.

8. Significant technical attributes were required to make the Work including; monitoring the environment with regard to atmospheric conditions, cloud cover, wind speed, wind direction, and precipitation; extensive image location scouting to identify potential photo locations, angles, elevations, accessibility, and security issues; obtaining authorizations to secure access to private property; and using advanced photo exposure control, both in-camera and via post-production software, to ensure a common brightness, contract, clarity, color temperature, color saturation, color tonality, and image noise reduction.

9. The Work is scarce not only due to its high quality but also the unique technique applied to achieve such an amazing result.

10. The typical range of fees I receive for creating and licensing the right to make non-exclusive commercial use (meaning use for purposes of advertising or promoting the licensee's business) and displaying on the internet of one of my copyrighted photographs similar in quality and popularity to the Work is approximately $1,000, per year.

11. It is my understanding that VISITWPB.COM, Inc. ("VisitWPB") is a Florida based company which owns, operates and manages the commercial website found at the domain name www.visitwpb.com.

12. On a date after the Work was created VisitWPB copied the Work without my permission. Evidence of VisitWPB's infringement is attached hereto as Exhibit 2.

13. VisitWPB has never been licensed to use the Work for any purpose.

14. After VisitWPB copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and its services.

15. Had VisitWPB hired AAP to create and license the Work and to reproduce and display the Work on its website, I would have charged at least $1,000 per year to use the photograph.

16. The ability of VisitWPB to reproduce, modify, distribute and display the copyrighted Work for its own commercial benefit without compensation to me greatly impairs the market value of the Work since others competing with that business, or in related business areas, will not want to obtain a license to my work if it is already associated with a competing business. Similarly, potential licensees of my copyrighted photographs will not want to pay my license fees if they see other commercial enterprises taking and using my photograph for its own commercial purposes without paying any fee at all.

17. The Work has lost significant value to its scarcity by the widespread and continuing dissemination resulting from VisitWPB's infringement.

18. I believe my actual damages to be $6,000 after considering a scarcity multiplier of 6 to the licensing fee of $1,000.

19. VisitWPB has been notified of the infringement multiple times, including by mail and email on October 16, 2017 and notice by serving this Lawsuit upon VisitWPB on December 1, 2017, but VisitWPB continues to display AAP's copyrighted photograph as of this day at the URL https://www.visitwpb.com/wp-content/uploads/2015/09/Art-and-Entertainment-in-Dixie-Highway-West-Palm-Beach.jpg.

I swear of affirm the foregoing is true and correct under penalties of perjury.

DATED: April 2, 2018

_____
Robert Stevens